United States District Court
for the
Southern District of Florida

| | |
|---|---|
| John M. Drake, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-25158-Civ-Scola |
| | ) |
| Celebrity Cruises, Inc., Defendant. | ) |

**Order Requiring Amended Complaint And To Show Cause**

    This matter is before the Court upon an independent review of the record. This action arises from injuries allegedly sustained by the Plaintiff when he fell and injured himself after being overserved with alcoholic beverages while aboard the *Celebrity Equinox*. For the reasons set forth below, the Court **strikes** the Plaintiff's complaint as it is an impermissible shotgun pleading. (**ECF No. 1**.)

    "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading.").

    This is not news to counsel. Indeed, the Court has struck complaints filed by the law firm Lipcon, Margulies, Alsina & Winkleman, P.A., or found them to be impermissible shotgun pleadings, at least seven other times.[1] Despite these repeated admonishments, counsel from Lipcon Margulies continue to file complaints with the Court that suffer from the same deficiencies. The Eleventh Circuit has identified four typical types of shotgun pleadings, one of which is where counsel "'commits the sin of not separating into a different count each cause of action or claim for relief.'" *Wilson v. NCL Bahamas*, 18-25203-Civ, 2019

---

[1] *See, e.g., Ortiz v. Carnival Corp.*, No. 20-24838-Civ, 2020 WL 6945958 (S.D. Fla. Nov. 25, 2020) (Scola, J.); *Araica v. Royal Caribbean Cruises, Ltd.*, 19-24988-Civ, 2020 WL 1033638 (S.D. Fla. March 3, 2020) (Scola, J.); *Wheeler v. Carnival Corp.*, No. 20-20859-Civ, 2020 WL 977935 (S.D. Fla. Feb. 28, 2020) (Scola, J.); *Murphy v. Carnival Corp.*, 426 F. Supp. 3d 1311 (S.D. Fla. 2019) (Scola, J.); *Wilson v. NCL Bahalmas*, 18-25203-Civ, 2019 WL 2106470 (S.D. Fla. May 14, 2019) (Goodman, Mag. J.); *Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-Civ., 2019 WL 8895224 (S.D. Fla. March 7, 2019) (Scola, J.); Order, ECF No. 30, *Serra Cruz v. Carnival Corp.*, 18-23033, (S.D. Fla. Feb. 12, 2019) (Ungaro, J.).

WL 2106470 (S.D. Fla. May 14, 2019) (Goodman, Mag. J.) (quoting *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). That is, once again, among other issues, one of the problems here.

In Plaintiff's complaint, Plaintiff's counsel attempts to cram multiple distinct theories of liability into three counts of negligence. For instance, in Count III of the Plaintiff's complaint, titled "general negligence," Plaintiff pleads 27 different ways the Defendant committed negligence, including claims such as negligent failure to supervise and negligent failure to train, among many others, when each of these claims is a distinct theory of liability that must be asserted independently and with corresponding supporting factual allegations. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading," where the plaintiff alleged that the defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which [the d]efendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims **in separate Counts**" in an amended complaint (emphasis in original)); *Ciethami v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1349-50 (S.D. Fla. 2016) (Williams, J.) (holding that maritime negligence claim failed Rule 8(a), where the Plaintiff's "shotgun-style recitation[]" of "34 breaches of duty," "without any factual context," makes "any meaningful assessment of her claims difficult"); *Gharfeh v. Carnival Corp.*, No. 17-20499, 2018 WL 501270, at *3, *6-*7 (S.D. Fla. Jan. 22, 2018) (Goodman, Mag. J.) (dismissing maritime negligence count that "improperly commingles claims" as an "impermissible shotgun pleading"); *Ward v. Carnival Cruises*, No. 17-24628, 2019 WL 342027,

at **2-3, n.1, n.2 (S.D. Fla. Jan. 28, 2019) (Scola, J.) (collecting cases). The Plaintiff's Counts I and II suffer from similar deficiencies. For instance, Count I pleads 12 ways the Defendant allegedly negligently served alcoholic beverages, and Count II pleads 20 different ways the Defendant allegedly negligently provided security. As with Count III, these Counts contain multiple distinct causes of action that must be separately plead.

The Plaintiff is also admonished for alleging facts in the alternative. The Court notes that the Plaintiff's complaint is replete with "and/or" alternative factual allegations. As this Court has advised Plaintiff's counsel before when they have alleged facts in the alternative, "[e]ither a fact or conclusion is alleged or isn't. And any legal conclusions that form the basis for any claims must be made in good faith and supported by factual allegations." *Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-Civ., 2019 WL 8895224, at *2 (S.D. Fla. March 7, 2019) (Scola, J.); *see also* Fed. R. Civ. P. 11. Upon repleading, the Plaintiff must ensure that it has a reasonable basis, based on the facts of this case, that there are indeed facts that underscore every allegation in the complaint. The Court cannot discern which factual allegations Plaintiff actually asserts in his complaint when facts are plead in the alternative. Therefore, the Plaintiff must remove any "and/or" alternative factual pleadings from his amended complaint.

Finally, the Court notes that each count of the Plaintiff's complaint purports to assert claims for "[o]ther acts of negligence which will be revealed in discovery." (ECF No. 1.) By way of its complaint, the Plaintiff is baldly "seeking to change the logical sequence of litigation" and "seeks discovery to learn whether it may be able to assert a valid claim." *Sovereign Bonds Exch. v. Fed. Republic of Ger.*, No. 10-21944-Civ., 2011 WL 13100214, at *1 (S.D. Fla. Aug. 9, 2011) (Altonaga, J.) (internal quotations omitted). This is not allowed. The Plaintiff may not file his complaint with the hopes of receiving discovery to see if he has additional viable claims. *Christie v. Royal Caribbean Cruises, Ltd.*, No. 20-22439-Civ, 2020 WL 6158815, at *7 (S.D. Fla. Oct. 21, 2020) (Scola, J.). If the Plaintiff attempts to replead yet-to-be discovered claims by way of its complaint, the Court will strike that aspect of the Plaintiff's complaint. The only way the Plaintiff can introduce new claims is by amending his complaint in accordance with Federal Rule 15.

Accordingly, the Court **strikes** the Plaintiff's complaint (**ECF No. 1**), as a shotgun pleading. The Plaintiff may file an amended complaint by **December 30, 2020**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard.

The Plaintiff is forewarned that **failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate**

**sanctions**. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

Additionally, Plaintiff's counsel must also **show cause** by **December 30, 2020**, as to why the law firm of Lipcon, Margulies, Alsina & Winkleman, P.A. should not be sanctioned for its repeated failure to follow the Court's instructions. Counsel's response must also provide assurance to the Court that future complaints filed by Lipcon, Margulies, Alsina & Winkleman, P.A. will not suffer from the same deficiencies the Court has ordered Plaintiff's counsel to fix time and time again.

**Done and ordered** in Miami, Florida, on December 21, 2020.

_____
Robert N. Scola, Jr.
United States District Judge